UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


WALDO T. LOPEZ,

                      Plaintiff,

v.                                        Case No. 3:12-cv-1307-J-12JBT

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,
etc.; et al.,

                      Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Lopez initiated this action by filing a Civil Rights Complaint (Doc. #1) (Complaint) on November 30, 2012, pursuant to 42 U.S.C. § 1983. He names as Defendants the State of Florida, Department of Corrections, Medical System Department; the Medical Department of Columbia Correctional Institution; the Medical Department of North West Florida Reception Center-Annex (N.W.F.R.C.); and the Florida D.O.C. Medical System Tallahassee.

In his Statement of Claims, he asserts that he has experienced pain and suffering and mental stress due to medical negligence, deliberate indifference and reckless disregard to his medical needs, and medical malpractice. As relief, he seeks compensatory damages.

In the Complaint, Plaintiff alleges the following. He was attacked by an inmate and suffered broken fingers on June 5, 2012. Plaintiff states that he did not receive appropriate treatment at Columbia Correctional Institution and the broken fingers healed in a crooked position and he is unable to make a fist. He states he was "negligently ignored" by the medical staff and correctional officers. After complaining about the lack of medical attention, on June 8, 2012, he was transferred to N.W.F.R.C. He was seen by a doctor. He was referred for x-rays in July. His finger was still swollen and healed improperly. The medical staff did not want to re-brake the improperly healed crooked fingers as Plaintiff was due to be released. The doctor told Plaintiff to have his fingers repaired in society, after his release from prison.

In sum, Plaintiff claims the Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment of the United States Constitution. He seeks compensatory damages. The Eleventh Circuit, addressing an inmate's claim of deliberate indifference to his serious medical needs, explained the legal standard for supporting an Eighth Amendment claim of cruel and unusual punishment:

> Substantively, "[t]o prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). The Eighth Amendment of the United

2

States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment. Chandler, 379 F.3d at 1288 n.20. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Every claim by a prisoner that he did not receive medical treatment, however, is not a violation of the Eighth Amendment. Id. at 105, 97 S.Ct. at 291.

To prevail on a claim of inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The plaintiff must show an "objectively serious deprivation" of medical care by demonstrating (1) "an objectively serious medical need ... that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Id. (quotations, brackets, and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted).

A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. Taylor, 221 F.3d at 1258. To satisfy this requirement, a prisoner must show the prison official's: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by

conduct that is more than mere negligence."
Brown v. Johnson, 387 F.3d 1344, 1351 (11th
Cir. 2004). Conduct that is more than mere
negligence includes: (1) grossly inadequate
care; (2) a decision to take an easier but
less efficacious course of treatment; and (3)
medical care that is so cursory as to amount
to no treatment at all. Id. A "complaint that
a physician has been negligent in diagnosing
or treating a medical condition does not state
a valid claim of medical mistreatment under
the Eighth Amendment." Estelle, 429 U.S. at
106, 97 S.Ct. at 292.

A complete denial of readily available
treatment for a serious medical condition
constitutes deliberate indifference. Harris v.
Coweta County, 21 F.3d 388, 393 (11th Cir.
1994). Likewise, a defendant who delays
necessary treatment for non-medical reasons
may exhibit deliberate indifference. Hill v.
Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176,
1187 (11th Cir. 1994), abrogated on other
grounds by Hope v. Pelzer, 536 U.S. 730, 122
S.Ct. 2508, 153 L.Ed.2d 666 (2002). An Eighth
Amendment violation may also occur when state
officials knowingly interfere with a
physician's prescribed course of treatment.
Young v. City of Augusta, Ga., 59 F.3d 1160,
1169 n.17 (11th Cir. 1995).

Bingham v. Thomas, 654 F.3d 1171, 1175-76 (11th Cir. 2011) (per curiam).

The Prison Litigation Reform Act requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-

4

(iii).   Additionally,  the  Court  must  read  Plaintiff's  pro  se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(i) dismissals should only  be  ordered  when  the  legal  theories  are  "indisputably meritless,"  id.  at  327,  or  when  the  claims  rely  on  factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

In reviewing Plaintiff's Complaint, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct  deprived  a  person  of  rights,  privileges  or  immunities guaranteed under the Constitution or laws of the United States. Houston  v.  Williams,  547  F.3d  1357,  1360-61  (11th  Cir.  2008) (citing  42  U.S.C.  §  1983).    Regardless  of  whether  Plaintiff

satisfies the first element, in the absence of allegations of a constitutional deprivation or a violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under § 1983.

Plaintiff has failed to name any medical persons engaged in the conduct complained of that were acting under color of state law. The Florida Department of Corrections and the Medical Departments are not persons acting under color of state law. The Department of Corrections is an arm of the state (an arm of the executive branch of government), and is not a person subject to liability under 42 U.S.C. § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70 (1989). Plaintiff has failed to satisfy the first essential element of a § 1983 action. Consequently, this case will dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A prisoner can state a claim for violation of the Eighth Amendment by showing "deliberate indifference" to the inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). However, "[d]eliberate indifference is not the same thing as negligence or carelessness." <u>Ray v. Foltz</u>, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). Only "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" can offend the "'evolving standards of decency' in violation of the Eighth Amendment". <u>Estelle v. Gamble</u>, 429 U.S.

6

97, 106 (1976) (footnote omitted). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to the level of a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

The United States Court of Appeals for the Eleventh Circuit has described deliberate indifference as follows:

> For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. Danley v. Allen, 540 F.3d 1298, 1310 (11th Cir. 2008). To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (citation and internal quotations omitted).

Palazon v. Sec'y for the Dep't of Corr., 361 Fed.Appx. 88, 89 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter).

In Granda v. Schulman, 372 Fed.Appx. 79, 83 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter), the Eleventh Circuit clarified whether a course of treatment would state a claim under the Eighth Amendment:

> Nevertheless, "a complaint that a physician has been negligent in diagnosing or

treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 106, 97 S.Ct. at 292; <u>see</u> <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir.1985) ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). In <u>Estelle</u>, the Supreme Court held that a prisoner failed to state a claim of deliberate indifference by alleging that medical personnel failed to diagnose and treat his back injury properly, which caused him to suffer pain for a three-month period, because he admitted to receiving treatment, including painkillers and muscle relaxants, on multiple occasions. 429 U.S. at 99-101, 106-07, 97 S.Ct. at 288-89, 292-93.

Even if Plaintiff's treatment were to be considered less than adequate or medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" <u>Harris v. Coweta County</u>, 21 F.3d 388, 393 (11th Cir. 1994) (citing <u>Estelle</u>, 429 U.S. at 106). This Court is convinced that Plaintiff has little or no chance of success on a claim of constitutional deprivation, and this case should be dismissed as frivolous, in that context. The incident occurred on June 5, 2012, and he was transferred to a medical facility on June 8, 2012, a short delay to transfer a prisoner to a medical facility. He was seen by a doctor and he was referred for x-rays. It was determined that Plaintiff was due to be released. Apparently, the medical staff did not want to re-break Plaintiff's crooked fingers and delay or interfere with

Plaintiff's release date. [*]  Plaintiff was advised to have the fingers straightened out when he returned to society.  Plaintiff has failed to allege facts which support a plausible deliberate indifference claim pursuant to the Eighth Amendment of the United States Constitution.  Simply, the claim raised in the Complaint is, at most, a negligence or medical malpractice claim.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this $5_{TH}$ day of December, 2012.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 12/4
c:
Waldo T. Lopez

---

[*] The Court notes that Plaintiff was released from the Florida Department of Corrections on December 1, 2012.    See http://www.dc.state.fl.us/InmateReleases/detail.